**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MIGUEL ANGEL ROLON-RAMOS,

       Defendant.

**No. 06-CR-4059-DEO**

**ORDER**

_____

## I.   INTRODUCTION

This matter is before this Court pursuant to defendant's motion for: (1) Judgment of Acquittal. Docket No. 65. The government resisted this motion. Docket No. 69. On October 6, 2006, this defendant was found guilty by jury verdict of conspiracy to distribute 500 grams or more of Methamphetamine in Count I, and of aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime in Count II.

The government presented evidence from two cooperating witnesses and several law enforcement officers. One of the cooperating witnesses, Donald Steburg, testified regarding his previous transactions with defendant's co-conspirator/co-defendant Garcia-Hernandez. Steburg testified that he had received over ten pounds of methamphetamine from Garcia-Hernandez. There was evidence submitted of voice mail

messages left by Garcia-Hernandez on Steburg's answering machine, such as "we need to meet." Steburg also cooperated in making controlled phone calls to Garcia-Hernandez and arranging a meeting place between the two.

Agent John Howard testified that he accompanied Steburg on a couple of occasions when Steburg met with Garcia-Hernandez. On the day of the arrest, June 13, 2006, Steburg was dropped off by Agent Howard at the Jo-Mart Motel. Steburg was wearing a wire and entered into one of the rooms with the three defendants in this case, including Rolon-Ramos. Steburg testified that while in the room, Garcia-Hernandez was demanding the money that Steburg owed him for past drug debts. Steburg also stated that Garcia-Hernandez pulled out a gun and pointed it at Steburg; Steburg attempted to walk out, but the other occupants of the room blocked the doorway. Steburg could not remember if the individual that bolted and blocked the door was Rolon-Ramos or the third defendant, Deluna-Ponce.

Steburg testified that he convinced Garcia-Hernandez to let him go out to the vehicle to get some of the owed money. Steburg left his cell phone in the room as assurance of his return. After Steburg returned to the car, Agent Howard and

Steburg left the motel parking lot because Steburg stated that they had a gun and he was not returning to the room.

After leaving the parking lot area, Agent Mark Minten, who was on site during this transaction, testified that he received a telephone call from Garcia-Herandez using Steburg's cell phone that he had left in the room. Agent Minten testified that Garcia-Hernandez inquired how much Steburg was charging him, Agent Minten (Garcia-Hernandez was unaware the he was speaking to a law enforcement officer) and Garcia-Hernandez stated that he could supply Minten with two ounces of methamphetamine for $2,000 and later supply Minten with a pound of methamphetamine for a cheaper price than what Steburg was charging Minten.

Several other officers also testified about their observations during the surveillance of the meeting place at the Jo-Mart Motel. Officer Mike Simons testified that he saw Steburg enter and leave the motel room. Simons also testified that he saw Rolon-Ramos leave the motel room shortly after Steburg, and Simons physically demonstrated that Rolon-Ramos left the room as if he was concealing something in his waistband.

Officer Howard testified that small amounts of methamphetamine were seized in a shoe and a bag of bread inside of the motel room that the defendants were in and a small amount of methamphetamine was located on the person of this defendant, Rolon-Ramos.

A second cooperating witness, Jason Bolden, testified about his previous involvement and knowledge of Garcia-Hernandez. Bolden testified that he had, over a period of time, received over fifteen pounds of methamphetamine from Garcia-Hernandez. Bolden described how, when, and how much methamphetamine Bolden received from Garcia-Hernandez. There was clear evidence of a drug conspiracy. The question is "was this defendant Rolon-Ramos a member of it and whether or not there was a gun, and if so, what connection this defendant, Rolon-Ramos, had in relation to a gun?"

## II. ANALYSIS

### A.  Judgment of Acquittal

Defendant moves the Court for judgment of acquittal urging that the evidence was insufficient to establish that he entered into a conspiracy. Docket No. 65-2, at 2. Rolon-Ramos argues that the government did not prove that he had any involvement with Garcia-Hernandez prior to June 13, 2006, and

any controlled substance had already been distributed prior to June 13, 2006. Id. Rolon-Ramos further contends that even if he did become part of the conspiracy, there was no evidence that he became part of one prior to June 13, 2006; therefore, the most Rolon-Ramos can be held accountable for is the one pound of methamphetamine that the agents were trying to obtain on June 13, which is less than 500 grams, the amount that he was charged with. Id.

Under Federal Rule of Criminal Procedure 29(a), "if the evidence is insufficient to sustain a conviction of such offense or offenses[,]" a court may enter a judgment of acquittal on one or more counts. This Court is aware that it has "very limited latitude when considering a motion for [judgment of] acquittal." United States v. Yockel, 320 F.3d. 818, 824 (8th Cir. 2003).

"[T]he district court is not to weigh the evidence or consider the credibility of the witnesses but rather to determine whether the government has presented evidence on each element sufficient to support a jury verdict." United States v. Chavez, 230 F.3d 1089, 1091 (8th Cir. 2000). "In reviewing the sufficiency of the evidence, [the district court] view[s] the evidence in the light most favorable to the

government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. White, 81 F.3d 80, 82 (8th Cir. 1996). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Powell v. United States, 231 F.3d 464, 465 (8th Cir. 2000).

"After reviewing the evidence under these standards, we will reverse only if we conclude that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Basile, 109 F.3d 1304, 1310 (8th Cir. 1997). If the evidence is such that reasonable minds might differ as to the outcome, then the question is one of fact for the jury to resolve, not a matter of law to be decided by the court. United States v. Wyant, 576 F.2d 1312, 1315 (8th Cir. 1978).

In order to find Rolon-Ramos guilty of the conspiracy offense charged, the government had to prove beyond a reasonable doubt (1) the existence of a conspiracy with an illegal purpose; (2) Rolon-Ramos was aware of the conspiracy; and (3)knowingly became part of it. United States v. Beckman, 222 F.3d 512, 522 (8th Cir. 2000). "Either direct or

circumstantial evidence can provide the basis of a conviction [for a conspiracy]." United States v. Jiminez-Perez, 238 F.3d 970, 973 (8th Cir. 2001). "Once the government establishes the existence of a conspiracy, only slight evidence is required to link a defendant to the conspiracy. This places a heavy burden on a defendant challenging the sufficiency of the evidence in a conspiracy case." Id.

This Court would note that the indictment charged that Rolon-Ramos conspired with other named defendants but also with other unknown persons. Docket No. 1. "To prove the existence of a conspiracy, the government may provide information regarding how long [the conspirators] were associated with each other, their established methods of payment, whether or not their transactions were standardized, and their demonstrated level of mutual trust." United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003). Both cooperating witnesses, Steburg and Bolden, in this case described in detail their drug-related transactions with Garcia-Herandez and his *modus operandi*. "[E]vidence of multiple sales of resale quantities of drugs is sufficient in and of itself to make a submissible case of a conspiracy to

distribute."  United States v. Eneff, 79 F.3d 104, 105 (8th Cir. 1996).

This Court is persuaded that there was more than sufficient evidence to establish that a conspiracy existed. Only "slight evidence" connecting Rolon-Ramos to the conspiracy is required to support a conspiracy conviction. It is not necessary to prove that Rolon-Ramos knew all of the conspirators or all of the details of the conspiracy. See United States v. Foote, 898 F.2d 659 (8th Cir. 1990); see also Washington, 318 F.3d at 853.  This Court is persuaded that there is more than "slight evidence" connecting Rolon-Ramos to the conspiracy.

Rolon-Ramos was in the motel room with the two other conspirators, Garcia-Hernandez and Deluna-Ponce. Garcia-Hernandez was contemplating a drug transaction, but when Steburg entered the motel room, Hernandez confronted Steburg and was attempting to collect from Steburg for what Steburg called an old drug debt.  Steburg testified that Garcia-Hernandez was attempting to collect money for drugs that Garcia-Hernandez had given or "fronted" to Steburg previously. Steburg also stated that a gun was pointed towards him by Garcia-Hernandez and that Rolon-Ramos and the third defendant,

8

Deluna-Ponce, blocked the exit after Garcia-Hernandez said something in Spanish. Rolon-Ramos was later found to have a small amount of methamphetamine on his person.

This Court is persuaded that through circumstantial and direct evidence, there was sufficient evidence to show and it was reasonable for the jury to conclude, that Rolon-Ramos was a part of this conspiracy. "[W]here sufficient evidence exists to support a finding that a conspiracy existed and that a particular defendant was a member of that conspiracy, a jury may find that defendant guilty of substantive crimes committed by coconspirators in furtherance of the conspiracy, even though the defendant did not participate in the substantive offense." United States v. Garcia, 785 F.2d 214, 225-26 (8th Cir. 1986).

This Court recognizes that the case against Rolon-Ramos is somewhat weaker than the other two defendants in the case, Garcia-Hernandez and Deluna-Ponce, because the key prosecution witnesses and the government agents had never seen Rolon-Ramos before June 13, 2006, the day of this arrest. This Court is persuaded that there is sufficient circumstantial evidence connecting him to the conspiracy.

9

Based on the foregoing, this Court is persuaded that there "is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt" as to the conspiracy charge in Count I. Powell, 231 F.3d at 465.

With regard to Count II, the government was required to prove that Rolon-Ramos aided and abetted the use, carrying, or possession of a firearm and that a firearm must have been possessed "in furtherance of" a drug trafficking crime. See 18 U.S.C. § 924(c)(1). This Court has already concluded that it was reasonable for the jury to conclude that the events that took place in the Jo-Mart Motel room, plus all of the surrounding additional facts, that there was a conspiracy to distribute methamphetamine. Whether or not there was a firearm in that motel room being used in furtherance of a drug trafficking crime is the second question.

As previously indicated, Steburg was wearing a wire when he entered the motel room. During the entire time, he did not say anything about any gun that was heard over the wire. Steburg testified at the trial about the appearance of the firearm, and what Garcia-Hernandez was doing with the firearm. Steburg described roughly the gun's length, width, and opening

of the barrel.   Officers testified regarding what they had heard from the wire that Steburg was wearing.   The officers testified that the situation became very hostile in the motel room and that Steburg seemed scared.   Some of the officers also testified that they were considering going into the room to aid Steburg.

There was never a firearm found on any of the defendants or anywhere on the premises.   Officer Simons testified that he saw Rolon-Ramos leave the room as if he was trying to conceal something.   Several officers stated that they searched the whole area thoroughly but did not find a firearm.

This Court is persuaded that there is more than sufficient evidence to allow a reasonable jury to conclude that there was a firearm in the Jo-Mart Motel room which was possessed in furtherance of the overall drug conspiracy, and that Rolon-Ramos aided and abetted this possession by assisting in bolting and blocking the door.   This Court requested case law, but was not presented any and did not find any on its own, pertaining to this issue; however this Court is persuaded that the use of a firearm as a means to collect past drug debts is "in furtherance" of that conspiracy.

Again viewing all of the evidence "in the light most favorable to the government" and giving the government the benefit of "all reasonable inferences", this Court is persuaded that the jury's verdict with regard to Counts I and II is supported by sufficient evidence and should not be overturned. There is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. See Powell v. United States, 231 F.3d 464, 465 (8th Cir. 2000). Therefore, based on the foregoing, defendant's motion for judgement of acquittal, Docket No. 65, is **denied.**

**IT IS SO ORDERED** this 20th day of December, 2006.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa